## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 7** |
| | ) | |
| **THOMAS RUFUS VAN DYKE** | ) | |
| **and** | ) | |
| **ELLEN LOUISE VAN DYKE,** | ) | **CASE NO. 04-03479-WSA** |
| | ) | |
| DEBTORS | ) | |

### MEMORANDUM DECISION

The matter before the court is the Trustee's Objection to Exemptions, filed

September 30, 2004. The issue for decision is whether or not the Debtors are each entitled to a

$5,000.00 homestead exemption plus an additional $1,500.00 exemption for their three

dependent children under Virginia Code § 34-4. For the reasons stated below, the Court will

sustain the Objection as to Mrs. Van Dyke, but overrule the objection as to Dr. Van Dyke.

### FINDINGS OF FACT

The Debtors in this case, Thomas R. and Ellen L. Van Dyke, filed a voluntary

Chapter 7 petition August 23, 2004. He is a veterinarian and she is an office worker. On

Schedule I, Dr. Van Dyke's gross monthly income was reported as $2,456.33 with insurance and

tax deductions totaling $893.32, leaving him with a net monthly take home pay of $1,563.01.

Mrs. Van Dyke's gross monthly income was $840.00 with insurance and tax deductions totaling

$409.08, leaving her with a net take home pay of $430.92. The Debtors reported monthly

expenses of $2,745.08 on Schedule J, an amount which considerably exceeds the Debtors'

combined net monthly income of $1,993.93. On Schedule C of the schedules filed with the

petition the Debtors did not claim any exemptions under §34-4 of the Virginia Code authorizing

a "homestead exemption" to each "householder". The Debtors later filed an Amended Schedule

C on which the Debtors claimed a $6,500.00 exemption[1] for each debtor in a 2002 Ford Windstar

(the "Vehicle") pursuant to Virginia Code § 34-4.[2]  The Debtors filed their respective Homestead

Deeds on September 16, 2004, each claiming $5,750.00 in the Vehicle as well as an exemption

of $750.00 each in the Debtors' bank account at Highlands Union Bank, valued at $19,000 at the

time the Debtors filed their bankruptcy petition.  No equity in the bank account was claimed as

exempt on the Debtors' Schedule C.[3]

The Trustee, George I. Vogel, II, filed an Objection to Exemptions on September

30, 2004, in which he objected to the exemptions claimed in the Vehicle as well as the bank

account on the grounds that the Debtors claimed an amount in excess of the amount allowed

pursuant to Virginia Code §34-4 and also on the grounds that the Debtors each claimed an

---

[1] Each Debtor claimed an exemption of $5,000.00 plus $500.00 for each of three
dependent children for a total of $6,500.00 per debtor.  However, on Schedule I and their
respective homestead deeds the Debtors listed four children.  Upon inquiry from the court as to
this matter, the Trustee provided and the Debtors' attorney confirmed that the Debtors only
claimed three dependents on their 2003 tax returns and suggested that the fourth child, who is 21
years of age, may not meet the statutory definition of "dependent" under Virginia Code §34-4;
therefore the Court will rule based on three dependents.

[2] Dr. Van Dyke also claimed a $2,000.00 exemption in the vehicle pursuant to Virginia
Code §34-26(8), to which no objection was filed.

[3] The Debtors have remitted to the Trustee $17,770.53, an amount representing the
amounts in their bank accounts.  The Debtors' attorney advised the Trustee that the said amount
is the total of the Debtors' bank accounts at the time of their filing, despite the $19,000.00
amount stated on Schedule B.  The Trustee indicated in a letter to the Court in response to the
Court's inquiry to both parties regarding the failure of the Debtors' to claim any exemption in the
bank account on Schedule C, that should the Court rule that the Debtors are entitled to total joint
homestead exemptions of $13,000.00, the Debtors would amend their Schedule C to claim a
$1,500.00 exemption in the bank account, but if the Court ruled that the Debtors were only
entitled to a total joint homestead exemption of $11,500.00, the Debtors would use the entire
homestead exemption for the vehicle.  Debtors' counsel has confirmed to the Court his
agreement with the foregoing.  Therefore, this opinion deals only generally with the total amount
of exemptions to which the Debtors are entitled under §34-4.

-2-


exemption of $6,500.00 on their Schedule C, but only claimed exemptions of $5,750.00 in their

respective homestead deeds. A hearing was held on the matter October 20, 2004 and the Trustee

argued that both debtors should not be allowed to claim the additional $500.00 exemption

provided by the statute for each dependent the householder supports. The Court took the matter

under advisement and each party was permitted to file briefs. Both parties have filed briefs and

the matter is now ready for decision.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of

28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the

District Court on July 24, 1984. Questions of the validity of exemptions are "core" bankruptcy

matters pursuant to 28 U.S.C. § 157 (b)(2)(B).

Section 541 of the Bankruptcy Code provides, with certain exceptions not relevant

to the present case, that the bankruptcy estate includes "all legal or equitable interests of the

debtor in property as of the commencement of the case." Section 522 of the Code provides that a

bankruptcy debtor is entitled to keep certain property as exempt from the claims of creditors even

though the property is property of the bankruptcy estate under §541. Virginia has "opted out" of

the general exemption scheme provided by the Bankruptcy Code, as permitted by 11 U.S.C.

§522(b)(1), which results in Virginia bankruptcy debtors being entitled to whatever property

exemptions they would be entitled to outside of bankruptcy under non-bankruptcy substantive

law. 11 U.S.C. §522(b)(2)(A); Va. Code §34-3.1. Section 34-4 of the Code of Virginia provides

that every householder is entitled to a $5,000.00 homestead exemption and an additional $500.00

exemption per dependent for whom the householder provides primary support.[4] The statute then

provides a definition of "dependent"[5] and limits the exemption by stating that "in no case shall

an individual be the dependent of more than one householder."

      The debtor is required in a bankruptcy case to file a list of the property claimed as

exempt, and unless a party in interest objects, "the property claimed as exempt on such list is

exempt." 11 U.S.C. §522(l). If a party in interest does object, he or she has the "burden of

proving that the exemptions are not properly claimed." Federal Rule of Bankruptcy Procedure

4003(c).[6] In the present case, the Trustee has objected on the grounds that the above-mentioned

limitation in §34-4 permits one but not both debtors from claiming an additional $1,500.00 on

their respective homestead deeds for their three dependent children. The Trustee asserts that the

three claimed children cannot be considered dependents of more than one of the Debtors under

the "clear and unambiguous" language of §34-4.

      In their Memorandum in Opposition to Objection, the Debtors argue that

> since a joint bankruptcy filing, for a husband and wife, is only
> administered jointly as an administrative convenience, and not as a matter
> of substance, and since each debtor is entitled to be a householder in a
> joint case, then the words of limitation in §34-4 should have no
> applicability to a husband and wife who both seek to claim the $6,500.00
> exemption pursuant to §34-4.

---

[4] The homestead exemption may be claimed by filing for record an instrument known as a homestead deed.

[5] §34-4 defines "dependent" as "an individual who derives support *primarily* from the householder and who does not have assets sufficient to support himself . . ." (emphasis added).

[6] Both the Trustee and counsel for the Debtors have treated the exemptions claims and objection as a matter of law for the Court to determine rather than an evidentiary issue. Accordingly, the Court will decide the matter on that basis rather than upon any issue of burden of proof.

It is true and well established that the homestead exemption laws are to be interpreted liberally in favor of the debtor and the exemption. See Mayer v. Quy Van Nguyen, 211 F.3d 105, 110 (4th Cir. 2000). However, this rule of construction is intended to ascertain legislative intent when the specific application of the statutory wording is uncertain, not a license to expand the scope of a permissible exemption when the wording is definitive and free of ambiguity, as is the case here.

The interpretation of Virginia Code §34-4 was at issue in In re Ekanger, No. 99-10571-SSM, 1999 Bankr. LEXIS 1858 (Bankr. E.D. Va. May17, 1999), where a married debtor attempted to claim his step-daughter as a dependent in his Chapter 7 bankruptcy under Virginia Code §34-4 for an exemption of his IRA. In that case, the debtor's wife did not file bankruptcy. The Court found that because the debtor's adjusted gross income was $12,150.00 and his wife's income was $92,275.00, the step-daughter derived her support "primarily" from the debtor's wife and not the debtor. The Court went on to hold that even though the couple had listed the step-daughter as a dependent on their joint Federal income tax return, that fact was not dispositive. "Whatever may be the rule for claiming exemptions for income tax purposes, the language of §34-4 is clear that a person may be the dependent, for exemption calculation purposes, of only one person, that person being the one from whom he or she 'primarily' derives support." Id., at *16. This Court agrees with Judge Mitchell, who authored the Ekanger opinion, that under Virginia law only the one person who provides more than half of the support for another individual may claim that individual as a dependent for homestead exemption purposes. This fact does not change when both parents file a bankruptcy petition. While both may "claim" to

-5-

provide the primary support of a purported "dependent", only one of them can be demonstrated

to be entitled to do so. It is clear that a bankruptcy proceeding does not expand the scope of

whatever exemptions the debtor is entitled to under applicable law.

In the instant case, neither the Debtors nor the Trustee offered any evidence as to

which of the Debtors provided the primary support as to any of their children. Dr. Van Dyke

grosses nearly three times the amount of Mrs. Van Dyke's income and the disparity between his

take home pay and hers is even greater, indicating that he "primarily" provides for the

dependents, therefore precluding Mrs. Van Dyke from also claiming the children as her

dependents.

## DECISION

Dr. Van Dyke may claim $5,000.00 in homestead exemptions plus $1,500.00 in

additional exemptions pursuant to §34-4, but Mrs. Van Dyke may only claim $5,000.00 as she

does not provide the primary financial support for the dependents. The Debtors' exemption of

$2,000.00 pursuant to Virginia Code §34-26(8) is not affected by this decision.

For the reasons stated the Court by separate order will sustain the Trustee's

Objection to Exemptions as to Mrs. Van Dyke and overrule the Trustee's Objection as to Dr. Van

Dyke.

This 2nd day of December, 2004.

William F. Stone, Jr.
U.S. Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | **CHAPTER 7** |
| ) | |
| **THOMAS RUFUS VAN DYKE** ) | |
| **and** ) | |
| **ELLEN LOUISE VAN DYKE,** ) | **CASE NO. 04-03479-WSA** |
| ) | |
| **DEBTORS** ) | |

## ORDER

For the reasons stated in this Court's contemporaneous memorandum opinion, it is

### ORDERED

that the Trustee's Objection to Exemptions is hereby SUSTAINED as to Mrs. Van Dyke and

OVERRULED as to Dr. Van Dyke. Dr. Van Dyke may claim $5,000.00 in homestead

exemptions plus $1,500.00 in additional exemptions pursuant to §34-4, but Mrs. Van Dyke may

only claim $5,000.00 as she does not provide the primary financial support for the dependents.

The Debtors' exemption of $2,000.00 pursuant to Virginia Code §34-26(8) is not affected by this

decision.

The Clerk is directed to send copies of this order and accompanying memorandum
opinion to the Debtors, Thomas Rufus Van Dyke and Ellen Louise Van Dyke; Debtor's counsel,
John M. Lamie, Esq.; the Trustee, George I. Vogel, II; and Counsel for the Office of the United
States Trustee, Margaret K. Garber, Esq..

ENTER this _2nd_ day of December, 2004.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE